COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, AtLee and Senior Judge Clements

LARRY ELROD, III

v.     Record No. 1892-16-2

ANASTASIA ALEXANDER AND
 MICHAEL ALEXANDER

MEMORANDUM OPINION*
PER CURIAM
JUNE 13, 2017

FROM THE CIRCUIT COURT OF LUNENBURG COUNTY
S. Anderson Nelson, Judge

(Tessie O. Barnes Bacon; Harris, Matthews & Crowder, P.C., on
brief), for appellant.

(Anastasia Alexander; Michael Alexander, *pro se*, on brief).

Larry Elrod, III appeals an order approving the step-parent adoption of his children.

Mr. Elrod argues that the trial court "erred in terminating [his] parental rights" because (1) "[t]he

court did not make a finding that the continuing relationship between the father and the child would

be detrimental" and (2) Mr. Elrod's "consent to termination of parental rights was not withheld

contrary to the child's best interests." Upon reviewing the record and briefs of the parties, we

conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the

trial court. See Rule 5A:27.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND[1]

Anastasia Alexander and Mr. Elrod are the biological parents to two children, born in February 2012 and November 2013. Mrs. Alexander and Mr. Elrod were not married. Mr. Elrod left Mrs. Alexander and the older child when the older child was approximately one and a half years old. He was not present for the birth of the younger child, but Michael Alexander was present.

Mr. Elrod did not have any further contact with the children, except for a twenty-minute meeting in a parking lot in Ohio in February 2014. Mrs. Alexander arranged the visit. Mr. Elrod held the older child, while the younger child remained in the car.

In March 2014, Mr. Elrod was arrested in Ohio for three felony charges, including illegal manufacturing of drugs, illegal assembly or possession of chemicals for manufacturing of drugs committed in the vicinity of a juvenile, and endangering children. Mr. Elrod was sentenced to prison in September 2014 and has an expected release date of September 14, 2018.[2]

Prior to his incarceration, Mr. Elrod's employer withheld funds for child support. After his incarceration, Mr. Elrod has supported the older child with $7.50 per month. Aside from a few items in February 2014 and some items from his mother, Mr. Elrod had not given the children any gifts or presents. He testified, however, that he sent some letters to the children and had tried to call, but Mrs. Alexander told him to stop contacting them.

In November 2014, Mr. Alexander married Mrs. Alexander. Mr. Alexander has acted as the children's father, and the children consider him their father. Mrs. Alexander consents to Mr. Alexander adopting the children.

---

[1] Pursuant to Rule 5A:8(c), the record contains a written statement of facts, but no transcript.

[2] Mr. Elrod said that he could possibly have an early release date in 2017.

On March 3, 2016, Mr. and Mrs. Alexander filed a petition for a step-parent adoption. Mr. Elrod did not consent to the adoption. The parties appeared before the circuit court on August 9, 2016.[3] After hearing the evidence and argument, the trial court found that Mr. Elrod's consent was being withheld contrary to the best interests of the children. The trial court held that it was in the children's best interests to be adopted by Mr. Alexander. By order entered October 25, 2016, the trial court terminated Mr. Elrod's parental rights and finalized the adoption of the children. This appeal followed.

## ANALYSIS

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Martin v. Pittsylvania Cty. Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986) (citations omitted).

### *Assignment of error #1*

Mr. Elrod argues that the trial court erred by terminating his parental rights because the trial court failed to make a finding that a continuing relationship between Mr. Elrod and the children would be detrimental to the children. Mr. Elrod raises this argument for the first time on appeal. Therefore, this Court will not consider it. See Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) (We "will not consider an argument on appeal which was not presented to the trial court."); Rule 5A:18.

---

[3] Father appeared via video conferencing, but his guardian *ad litem* was present in the courtroom.

*Assignment of error #2*

Mr. Elrod argues that the trial court erred by finding that his consent was withheld contrary to the best interests of the children. Mr. Elrod contends the evidence did not support the factors in Code § 63.2-1205.

"We have consistently held that to grant a petition for adoption over a birth parent's objection, there must be more than a mere finding that the adoption would promote the child's best interests." Copeland v. Todd, 282 Va. 183, 197, 715 S.E.2d 11, 19 (2011) (citing Malpass v. Morgan, 213 Va. 393, 398-99, 192 S.E.2d 794, 798-99 (1972)). "Virginia's statutory scheme for adoption, including Code §§ 63.2-1205 and -1208, defines the best interests of the child in terms that require more expansive analysis than when the contest is between two biological parents." Id. at 199, 715 S.E.2d at 20.

Code § 63.2-1205 states:

> In determining whether the valid consent of any person whose consent is required is withheld contrary to the best interests of the child, . . . the circuit court . . . shall consider whether granting the petition pending before it would be in the best interest of the child. The circuit court . . . shall consider all relevant factors, including the birth parent(s)' efforts to obtain or maintain legal and physical custody of the child; whether the birth parent(s) are currently willing and able to assume full custody of the child; whether the birth parent(s)' efforts to assert parental rights were thwarted by other people; the birth parent(s)' ability to care for the child; the age of the child; the quality of any previous relationship between the birth parent(s) and the child and between the birth parent(s) and any other minor children; the duration and suitability of the child's present custodial environment; and the effect of a change of physical custody on the child.

Mr. and Mrs. Alexander presented evidence regarding the factors in Code § 63.2-1205. Mr. Elrod had not filed any petitions for custody or visitation of the children. Since he was incarcerated, Mr. Elrod was unable to assume custody and take care of the children. Mr. Elrod argued that Mrs. Alexander thwarted his efforts to see the children; however, the evidence proved

that she was the one who arranged the visitation in February 2014. Mr. Elrod has had no relationship with the younger child and a very limited relationship with the older child. The evidence proved that he left Mrs. Alexander and the older child when the child was one and a half years old. He last saw the child in February 2014. Meanwhile, the evidence proved that Mr. Alexander was present at the birth of the younger child. Mr. Alexander has acted as the children's father, and they consider him their father. Based on all of the evidence, the trial court did not err in finding that the adoption of the children by Mr. Alexander was in their best interests and father was withholding consent contrary to the children's best interests.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.